## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SUSANO SANDOVAL-ROJO, ) | |
| ) | |
| Petitioner, pro se, ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | 1:10CV381 |
| ) | 1:07CR378-7 |
| Respondent. ) | |

Petitioner Susano Sandoval-Rojo, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 138).[1] Petitioner was indicted on one count of conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) and one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (docket no. 36). He pled guilty to the conspiracy count (docket nos. 80, 81) and was sentenced to 108-months imprisonment (docket no. 101). Following an unsuccessful appeal (docket nos. 135-37), Petitioner filed his current Section 2255 motion. Respondent has submitted a response (docket no. 160), Petitioner has replied (docket no. 162), and his 2255 motion is now before the court for a decision.

---

[1] This and all further cites to the record are to the criminal case.

**PETITIONER'S CLAIMS**

Petitioner raises two claims for relief. First, he claims that he was provided ineffective assistance of counsel because his attorney (1) failed to object to a two-level enhancement for possession of a firearm that was not listed in the plea agreement or discussed during the Rule 11 plea colloquy, (2) failed to object to the use of 783.2 kilograms of marijuana to calculate the base offense level under the United States Sentencing Guidelines even though the plea agreement was for 100 kilograms or more, and (3) failed to request specific performance of the plea agreement and plea colloquy. His second claim asserts that Respondent breached the plea agreement by allowing upward enhancements in violation of *United States v. Booker*, 543 U.S. 220 (2005).

**DISCUSSION**

Petitioner's first claim is for ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the

burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985). The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

Petitioner's first ineffective assistance of counsel allegation is that counsel failed to object to the two-level firearm enhancement at sentencing. This allegation is contradicted by the record. The sentencing transcript shows that counsel did file an objection to the firearm enhancement prior to sentencing; however, at the sentencing hearing itself, the objection was withdrawn in open court. Petitioner informed the sentencing judge that he had not made the objection and that he agreed to it being withdrawn (docket no. 123 at 4). There was no error on counsel's part regarding an objection to the firearm enhancement. This claim fails.

Petitioner's next allegation is that counsel did not object when 783.2 kilograms of marijuana was used to calculate his Guidelines sentencing range even though the plea agreement mentioned 100 kilograms. The problem for Petitioner is that his plea

agreement did not limit the amount of marijuana to 100 kilograms. Instead, it informed him that his sentence would be calculated under the Guidelines and that he was agreeing that the amount of marijuana involved in the offense was "in excess of 100 kilograms" (docket no. 80, ¶¶ 2(b), 5(d)). It was also explained to Petitioner during his change of plea hearing that his sentence would be calculated under the Guidelines and that no one could know at that time what the Guidelines range would be (docket no. 152 at 30-31). As it turned out, that range was calculated based on 783.2 kilograms, which is in excess of 100 kilograms. Counsel had no reason to object because the plea agreement was not violated. Petitioner also could not have been prejudiced for that same reason. This claim of ineffective assistance of counsel also fails.

Finally, Petitioner claims that counsel erred in not requesting specific performance of the plea agreement and Rule 11 colloquy. Petitioner does not list the terms on which counsel should have sought specific performance. Nevertheless, this claim is apparently a reference to the earlier two allegations of ineffective assistance. As already explained, those allegations have no merit; therefore, Petitioner's third ineffective assistance allegation fails as well.

The other claim set out in the 2255 motion is that the government breached the plea agreement by allowing upward enhancements in violation of *Booker*. Again, Petitioner does not specifically identify the enhancements about which he complains, but it is apparent that he is referring to the firearm enhancement or the marijuana

amount or both. The plea agreement is silent regarding the firearm enhancement other than to warn Petitioner that his sentence will be calculated under the Guidelines. The enhancement was found under the Guidelines and is, therefore, proper under the plea agreement. The same is true for the drug amount calculation. There was no breach of the plea agreement when 783.2 kilograms was used because the agreement listed only the open-ended amount of "in excess of 100 kilograms." Finally, there was no violation of *Booker*. Under that case, facts not proved beyond a reasonable doubt or agreed to by a defendant can still be used to calculate a sentencing range under the Guidelines as long as the Guidelines are treated as advisory, not mandatory. The sentencing judge in Petitioner's case explicitly stated that he was treating the Guidelines as advisory (docket no. 123 at 15, 22). Petitioner's entire second claim for relief also fails.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 138) be **DENIED** and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
January 7, 2011